**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TINA MCKNIGHT,<br>    Plaintiff,<br><br>         v.<br><br>MENTAL HEALTH ASSOCIATION OF<br>CONNECTICUT,<br>    Defendant. | No. 3:13-cv-1436 (SRU) |

**ORDER DISMISSING CASE**

The *pro se* plaintiff in this case, Tina McKnight, is an aggrieved former employee of the defendant. She makes many allegations that she was mistreated, and it might be that she has good reasons to feel aggrieved. But her complaint makes claims of race and color discrimination under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, and she has not pleaded any specific facts that give rise to an inference of race or color discrimination. Generalized grievances against her former employer—even if that employer truly did mistreat her—are not sufficient to state claims of racial discrimination.

Because she is a *pro se* plaintiff, I allowed her several opportunities to re-plead. That history, and the specific deficiency of her complaints, is described in great detail in my August 28 ruling (doc. # 36) on a motion to dismiss. In that ruling, I permitted McKnight one final opportunity—her fourth—to plead any "specific facts about the conduct or comments of management that create an inference of racial discrimination," and to plead them "clearly and in detail" (*id.* at 5). McKnight did re-plead, and her fourth complaint (doc. #37), like those before it, contains many allegations suggestive of a dispute over compensation, but no specific allegations of fact that create an inference of racial discrimination. It refers to a staff meeting in which she stated that she felt like she was "in Kindergarten all over again" because she was "constantly

being pick[ed] on and talk[ed] about regarding [her] choice of clothing and [her] choice of words" (*id.* at ¶ F), which is similar to assertions made in her earlier complaints about how she felt, but it does not refer to any specific instance or specific comment or conduct of the defendant. She also alleges that "[a]s a result of all the comments, racial remarks and Harassment/retaliation" she "was taken out of work by [her] doctor" (*id.* at ¶ G), but she does not plead any fact about any particular comment or racial remark, nor does she plead ways in which persons of color were treated less favorably than whites. She attaches as exhibits numerous emails she exchanged with her employer, and they are suggestive of conflict over compensation and perhaps other issues, but they contain nothing that gives rise to an inference of racial discrimination.

      McKnight's complaint therefore fails to state a claim, and it must be dismissed. The defendant's renewed motion to dismiss (doc. # 38) is therefore granted. Because McKnight has already had four opportunities to plead, and because in my August 28 ruling I described in detail the deficiency and what was needed to remedy it and allowed "one more opportunity to re-plead" (doc. # 36 at 5), I must conclude that there is no reasonable probability that the deficiency will be cured on the fifth opportunity. The complaint is therefore dismissed with prejudice. The Clerk shall enter judgment for the defendant and close the case.

      So ordered.

Dated at Bridgeport, Connecticut, this 14th day of October 2015.

                                            /s/ STEFAN R. UNDERHILL
                                            Stefan R. Underhill
                                            United States District Judge